1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                            NORTHERN DISTRICT OF CALIFORNIA

9

10   ROBERT ALVARADO, in his                    No.  C-05-00569 PJH (WDB)
     capacity as Trustee of the
11   CARPENTERS HEALTH AND                       **ORDER FOR SUPPLEMENTAL**
     WELFARE TRUST FUND FOR                      **BRIEFING RE MOTION FOR**
12   CALIFORNIA, et al.,                         **DEFAULT JUDGMENT**

13               Plaintiffs,

14        v.

15   MARGARET ELLEN ALVAREZ,
     Individually; MARGARET ELLEN ALVAREZ,
16   Individually and dba R.J. HATLER
     CONSTRUCTION, INC.; R.J. HATLER
17   CONSTRUCTION, INC.,
     a California Corporation
18
                 Defendants.
19   _____/

20
            Plaintiffs' Motion for Default Judgment, filed May 16,  2005, will be heard **on**
21
     **Wednesday, August 10,  2005 at 1:30 p.m.**
22
            **By Wednesday, July 27, 2005,** plaintiffs must file with the Court and serve on
23
     defendants a supplemental submission addressing the following issues.
24
            1.      Does the Federal Arbitration Act (FAA) apply?  If so, have plaintiffs
25
     satisfied the standard for confirming an arbitration award pursuant to the FAA?
26
            2.      Plaintiffs ask the Court to enter a default judgment against Ms. Alvarez,
27
     individually, and against R. J. Hatler Construction, Inc., confirming the Arbitration
28

                                                  1

Award by the Board of Adjustment in the amount $347,914.91. As the Court understands it, the damages subsumed by the Award include the following: (i) $120,672.06 representing delinquent contributions for the period May 2003 through August 2003 and encompassed by the promissory note, (ii) $13,378.02 representing liquidated damages on the delinquent contributions for the period May 2003 through August 2003 and encompassed by the promissory note, (iii) $3,957.70 representing interest accrued at the rate of 6% on delinquent contributions for the period May 2003 through August 2003 and encompassed by the promissory note, (iv) $190,551.94 representing delinquent contributions for the period September 2003 through January 2004, (v) $19,055.19 representing liquidated damages on the delinquent contributions for the period September 2003 through January 2004, and (vi) $300.00 representing the cost of arbitration. In the alternative, plaintiffs ask the Court to enter judgment on plaintiffs' claims for breach of contract (breach of the promissory note as to the period May 2003 through August 2003 and breach of the Collective Bargaining Agreement as to the period September 2003 through January 2004). Plaintiffs must state whether the Court's understanding of plaintiffs' request is accurate.

The Court notes that the promissory note is not among the documents introduced before the Board of Adjustment at the arbitration proceedings. Plaintiffs must explain how the Board's Award came to encompass the amounts reflected in the promissory note.

3.   Plaintiffs indicate that the basis for holding Ms. Alvarez individually liable for delinquent contributions is the promissory note. However, it appears that the promissory note obligates Ms. Alvarez to pay delinquent contributions, liquidated damages and interest only for the period May 2003 through August 2003 ($138,007.78). Is the Court's understanding correct? What is the legal basis for plaintiffs' apparent request that the Court enter judgment against Ms. Alvarez individually for the entire $347,914.91? Is it plaintiffs' position that the Board's

1   Award holds Ms. Alvarez <u>individually</u> liable for the entire $347,914.91?  If so, what
2   is the basis for plaintiffs' position?

3          4.     As noted in paragraph 2 above, it does not appear to the Court that
4   plaintiffs are seeking interest on the delinquent contributions from the period
5   September 2003 through January 2004.  Plaintiffs must confirm whether the Court's
6   understanding is correct.  If plaintiffs do seek interest on the delinquent contributions
7   for this period, what is the basis for plaintiffs' position that they are entitled to
8   interest thereon?  What is the applicable rate of interest, and what is the basis for
9   plaintiffs' request for that rate?  Do plaintiffs contend that interest accrues on both the
10  delinquent contributions and liquidated damages?  If so, what is the basis for
11  plaintiffs' contention that they are entitled to interest on liquidated damages?

12         5.     Plaintiffs request an order directing defendants to pay all sums revealed
13  by an audit as due and owing.  If the Court requires defendants to submit to an audit
14  how will plaintiffs proceed following the audit?  More specifically, what notice will
15  defendants receive of future proceedings and of the amounts plaintiffs claim are
16  owed, and what opportunity will defendants have to challenge the accuracy of the
17  audit?

18         Plaintiffs seek interest on contributions due and owing, if any, as revealed by
19  the audit.  Motion at 3:6-7.  What is the source of authority for plaintiffs' position that
20  they are entitled to interest?  What is the applicable rate of interest and what is the
21  basis for plaintiffs' request for that rate?

22         6.     Plaintiffs seek attorneys' fees and costs for this litigation.  In plaintiffs'
23  Memorandum of Points and Authorities in Support of Petition to Confirm Arbitration
24  Award, filed February 28, 2005, plaintiffs seek reimbursement of their attorneys' fees
25  on the ground that defendants acted with "bad faith."  Memorandum at 4-6.
26  However, the record indicates that plaintiffs may be entitled to attorneys' fees
27  pursuant to contract(s), the Board's Award, and/or pursuant to ERISA.  What is (are)
28  the source(s) of authority for plaintiffs' request for reimbursement of attorneys' fees?

3

In addition, plaintiffs must respond to the following.  (i)  Plaintiffs must identify which attorneys worked on this case and must present evidence of those attorneys' experience and credentials so that the Court can assess plaintiffs' request for compensation at a rate of $200.00 per hour.  (ii)  Plaintiffs must also present evidence of Senior Paralegal Catherine Roussel's experience and credentials so that the Court can assess plaintiffs' request for compensation at a rate of $95.00.  (iii) Plaintiffs must provide legal authority for their position that fees incurred for a "Litigation Case Clerk" are compensable as a component of attorneys' fees.  In the event that the Court finds that "Litigation Case Clerk" fees are reimbursable, plaintiffs must submit evidence of Eleanor Natwick's experience and credentials to justify the asserted billing rate of $75.00.  Plaintiffs also must identify which tasks (and the number of hours taken to complete the task) were performed by a paralegal and which were performed by a Litigation Case Clerk.  (iv) Plaintiffs seek fees of "approximately $700.00" for "unbilled" work.  Declaration of Concepcion E. Lozano-Batista, filed May 16, 2005, at 3:17-18.  Plaintiffs must submit a declaration identifying each task encompassed by the request for reimbursement of "unbilled" work, the amount of time attributed to that task, and who performed that task.

7.     Plaintiffs seek reimbursement for cost of courier service for filing Plaintiffs' Motion for Default Judgement and related papers.  What evidence supports plaintiffs' request for costs of courier service for filing the Motion for Default Judgment?

8.     Plaintiffs' Motion for Default Judgment seeks an "accounting."  Motion at 3:9-10.  Plaintiffs' Petition to Confirm Arbitration Award, etc., filed February 8, 2005, does not appear to seek an accounting.  Do plaintiffs seek an "accounting?"  If so, how does an accounting differ from plaintiffs' requested audit?  What does this request add to plaintiffs' request for confirmation of the arbitration award?  If this request is not redundant or superfluous, what specific relief do plaintiffs seek?  What

legal authority supports plaintiffs' contention that they are entitled to an "accounting?"

9.     The Carpenters Master Agreement attached to the Petition and to the Declaration of Richard Alcantar indicates an effective date of June 3, 2003.  See, Petition, at Ex. A and Errata to Declaration of Richard Alcantar in Support of Motion for Default Judgment, filed May 13, 2005, at Ex. A.  It is our understanding that plaintiffs seek delinquent contributions pertaining to work completed in May 2003. Plaintiffs must submit a supplemental declaration stating whether the Master Agreement in effect in May 2003 was identical to the Master Agreement attached to the Petition and if not, specifying all relevant differences.

10.     In their Petition to Confirm Arbitration Award, etc., filed February 8, 2005, plaintiffs state, "but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement."  Petition at 6:22-23.  What does this statement mean?  What is the basis for this statement?  What is the effect of this statement on plaintiffs' request for an order confirming the arbitration award?

11.     The Summons, filed April 5, 2005, indicates that plaintiffs served Ms. Alvarez with the Petition and supporting papers at an address on Spruce Avenue in Clovis, California.  The record indicates that plaintiffs have served Ms. Alvarez with subsequent documents, including plaintiffs' Motion for Default Judgment, at an address on Palm in Fresno, California.  Plaintiffs must set forth their understanding of Ms. Alvarez's current location and must explain why service to the Fresno address is adequate to notify Ms. Alvarez of these proceedings.

**IF DEFENDANTS MARGARET ELLEN ALVAREZ AND/OR R.J. HATLER CONSTRUCTION, INC., INTEND TO RESPOND** to plaintiffs' supplemental submission or anything in plaintiffs' Motion for Default Judgment then **by Friday, August 5, 2005 at noon**, DEFENDANTS **MUST** FILE with the Court, DELIVER to the undersigned's chambers, and SERVE on plaintiffs a statement

notifying the Court that defendants intend to appear in person at the hearing **on Wednesday, August 10,  2005** at **1:30 p.m.** at which time the Court and the parties will discuss the appropriate manner in which to proceed.

**The Court ORDERS plaintiffs' to serve defendants with a copy of this order on or before Friday, July 22, 2005.**

IT IS SO ORDERED.

Dated:  July 13, 2005

/s/  Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

cc: plaintiffs by email,
defendants by U.S. Mail
and by plaintiffs,
PJH, wdb, stats

6